# IN THE UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | |
|---|---|
| **GREGORY MORRIS,** | ) |
| Petitioner, | ) |
| v. | ) No. 18-3123 |
| **GREGG SCOTT,** | ) |
| Respondent. | ) |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

This cause is before the Court on Respondent Gregg Scott's Motion to Dismiss Petition for Lack of Subject Matter Jurisdiction (d/e 6). Petitioner Gregory Morris' Petition Under 28 U.S.C. § 2254 For Writ of Habeas Corpus By a Person in State Custody (d/e 1) is a successive § 2254 petition, and Petitioner has not obtained permission from the Seventh Circuit to file a successive petition. Therefore, the Motion is GRANTED and the Petition is DISMISSED for lack of jurisdiction.

# I. BACKGROUND

In May 1999, a jury adjudicated Morris a sexually violent person as defined by section 5(f) of the Sexually Violent Persons Commitment Act (the Act) (725 ILCS 207/5(f) (West 1998)). See In re Detention of Gregory Morris, 2017 IL App (4th) 150343-U. Morris is currently housed in the Rushville Treatment & Detention Facility in Rushville, Illinois. Respondent Gregg Scott is the Program Director of the Facility.

In February 2007, Morris, along with four other sexually violent persons committed under the Act, filed a § 2254 petition in this Court. See Morris et al. v. Monahan, Central District of Illinois Case No. 07-3057 (Case No. 07-3057). The petitioners in that case alleged that they were being deprived of their constitutional rights to liberty, to freedom from punishment and involuntary servitude, and to reasonable mental health services under the Constitution. Id., Opinion at 2 (d/e 34). The petitioners sought immediate release. Id.

On March 28, 2008, United States District Judge Jeanne E. Scott dismissed the § 2254 petition without prejudice for failure to exhaust state remedies. Id. at 6. On April 23, 2008, Judge Scott

granted the respondent's motion to alter and amend the judgment in part. Case No. 07-3057, Opinion (d/e 37). Judge Scott agreed with respondent that the Court could deny habeas relief on the merits notwithstanding the failure to exhaust state remedies. Id. at 2. On the merits, Judge Scott found that the petitioners were making an "as applied" challenge to the conditions of their ongoing custody and that the Supreme Court "has determined that habeas relief is not available to civilly committed persons who are making an 'as applied' challenge to their custody." Id. Therefore, Judge Scott found that the petitioners were not entitled to habeas relief on their claims and dismissed the claims with prejudice. Neither Morris nor any of the other petitioners appealed.

In November 2009, Morris filed another § 2254 Petition for Writ of Habeas Corpus in this Court. Morris v. Phillips, Central District of Illinois Case No. 09-3293 (Case No. 09-3293). Morris alleged that the conditions of civil confinement were punitive and he was treated differently than other civilly detained individuals. Petition at 2 (d/e 1). Morris sought immediate release from his confinement in an Illinois sexually violent person's facility. The respondent filed a motion to dismiss the petition asserting that the

petition was an unauthorized second or successive petition. Case No. 09-3293, Motion (d/e 7). On July 12, 2010, Judge Scott granted the motion to dismiss, noting that Morris must secure permission from the Seventh Circuit Court of Appeals before he may file another habeas petition. Case No. 09-3293, Opinion at 2 (d/e 11). Judge Scott also noted:

> The Petitioner also complains that he seeks habeas relief for his ongoing treatment. The Petition may not be a successive petition to the extent that Petitioner is challenging his treatment after his first petition was filed. Such a petition, however, challenges the specific conditions of confinement that the Petitioner is enduring. Such a challenge is an as-applied challenge to the Act. As explained in the 2008 Opinion, Petitioner can not secure habeas relief based on an as-applied challenge to the Act. [Citation omitted.] Petitioner must bring an action under 42 U.S.C. § 1983, or other applicable federal or state law, to challenge the conditions of his custody. Habeas relief is not available.

Id. Morris did not appeal.

On May 24, 2018, Morris filed the § 2254 Petition at issue herein. Morris raises four grounds for relief, all of which relate to Morris' claim that the State's petition to commit Morris as a sexually violent person was untimely. Morris claims: (1) that the petition for commitment was untimely; (2) counsel was ineffective for failing to raise and present the issue that the petition for

commitment was untimely; (3) the Illinois Attorney General's office failed to follow the law; and (4) the State improperly denied Morris relief on the ground that he did not act with due diligence because no remedy was available to Morris at the time of the error (the untimely filing). Petition (d/e 1).

The Court directed Respondent Scott to respond to the Petition. On July 16, 2018, Respondent Scott filed the motion to dismiss asserting that the Petition must be dismissed as successive. Morris has filed a response.

## II. ANALYSIS

An applicant for habeas corpus relief cannot file a second or successive § 2254 petition without receiving authorization from the court of appeals. See 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application"); see also Rule 9 of the Rules Governing § 2254 Proceedings. However, not all petitions filed second in time are considered successive. See Suggs v. United States, 705 F.3d 279, 281-82 (7th Cir. 2013).

For instance, if the first habeas petition results in a new sentence, a subsequent petition challenging the new sentence is not a "second or successive petition." See Magwood v. Patterson, 561 U.S. 320, 342 (2010) (the second-in-time petition was the first petition to challenge the defendant's new death sentence and was not, therefore, successive). That is not the situation here because no intervening order has been entered. Morris is challenging the same order he challenged in his first § 2254 petition—the 1999 order committing him as a sexually violent person.

A second-in-time petition is also not considered "second or successive" when the first petition was not adjudicated on the merits, such as when the first petition was dismissed without prejudice for failure to exhaust state remedies. See Slack v. McDaniel, 529 U.S. 473, 478 (2001) (holding that a "habeas petition which is filed after an initial petition was dismissed without adjudication on the merits for failure to exhaust state remedies is not a 'second or successive' petition as that term is understood in the habeas corpus context"). Morris argues that his current Petition is not successive because his first petition was not dismissed on the merits. Morris is mistaken. Although Judge Scott

initially dismissed Morris' first petition without prejudice for failure to exhaust, she later, on the respondent's motion to alter or amend the judgment, considered the merits and denied Morris' claims on the merits.  See Case No. 07-3057, Opinion at 2 (d/e 37). Therefore, Morris' first petition was, in fact, adjudicated on the merits.

Finally, in some instances, a claim that is not ripe when the first petition is filed can be brought in a second petition once the claim is ripe.  For example, the United States Supreme Court held that the statutory bar on second or successive petitions does not apply to incompetency claims based on Ford v. Wainwright, 477 U.S. 399 (1986), that are brought in a petition filed after the incompetency claim is first ripe.  Panetti v. Quarterman, 551 U.S. 930, 947 (2007); see also United States v. Obeid, 707 F.3d 898, 902 (noting that Ford claims – claims that a defendant cannot be executed because he is mentally incompetent—are generally not ripe when the defendant files his initial petition because the defendant cannot raise the claim until his execution is imminent) (citing Panetti).  This rationale has been extended to other types of second-in-time petitions based on claims that "did not become ripe

any earlier than until after the adjudication of the petitioner's first petition[.]" Obeid, 707 F.3d at 902 (joining sister circuits so holding).

Morris suggests that his current Petition is not successive because his current claim was not "ripe" when the Court adjudicated his first petition. Resp. at 6, citing Obeid, 707 F.3d 898. However, Morris' timeliness challenge was ripe when the Court adjudicated Morris' first § 2254 petition.

The Obeid court explained how to distinguish ripe from unripe claims:

> In adopting this ripeness rule, courts have been careful to distinguish between genuinely unripe claims (where the factual predicate that gives rise to the claim has not yet occurred) from those in which the petitioner merely has some excuse for failing to raise the claim in his initial petition (such as when newly discovered evidence supports a claim that the petitioner received ineffective assistance of counsel); only the former class of petitions escapes classification as "second or successive."

Obeid, 707 F.3d at 902 (finding that the petitioner's claim that the government violated a promise to treat the defendant and his brother identically when crediting their cooperation was not ripe until the government moved for a Rule 35(b) reduction for the petitioner's brother). Here, the factual predicate for Morris' claim—

that the State's petition for commitment was untimely—had occurred when the Court adjudicated Morris' first § 2254 petition in 2008. In fact, Morris raised the untimeliness claim in the state court in 2004, as referenced in the Illinois appellate court decision affirming the dismissal of Morris' petition for relief from judgment. See In re Detention of Morris, 2017 IL App (4th) 150343-U, ¶ 17 (noting that Morris raised in his 2004 complaint for habeas corpus relief that the State's petition to commit him was untimely). Therefore, Morris' untimeliness claim was ripe when Morris filed his § 2254 petition in Case No. 07-3057 and could have been brought in that petition.

Because the current Petition is successive and Morris has not received authorization from the Seventh Circuit, the Petition must be dismissed. See Burton v. Stewart, 549 U.S. 147, 153 (2007) (per curiam) (holding that because the petitioner did not receive authorization from the court of appeals to file his successive § 2254 petition, "the District Court was without jurisdiction to entertain it").

## III. CERTIFICATE OF APPEALABILITY

If Petitioner seeks to appeal this decision, he must first obtain a certificate of appealability. See 28 U.S.C. § 2253(c)(1)(A) (providing that an appeal may not be taken to the court of appeals from "the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court" unless a circuit justice or judge issues a certificate of appealability). When, as here, a habeas petition is denied on procedural grounds, a certificate of appealability may issue only if the petitioner shows that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

The Court finds that jurists of reason would not find it debatable whether the district court was correct in its procedural ruling. Therefore, the Court denies a certificate of appealability.

## IV. CONCLUSION

Respondent Gregg Scott's Motion to Dismiss Petition for Lack of Subject Matter Jurisdiction (d/e 6) is GRANTED. Petitioner

Gregory Morris's Petition Under 28 U.S.C. § 2254 For Writ of Habeas Corpus By a Person in State Custody (d/e 1) is DISMISSED without prejudice for lack of jurisdiction. The Court declines to issue a certificate of appealability. THIS CASE IS CLOSED.

**ENTER: October 3, 2018**

**FOR THE COURT:**

                *s/Sue E Myerscough*
                **SUE E. MYERSCOUGH**
                **UNITED STATES DISTRICT JUDGE**